**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL HENDERSON, an individual, | No. 13-55673 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-01350-DDP-DTB |
| v. | |
| MATTHEW LINDLAND, an individual and TEAM QUEST FIGHT CLUB, LLC, a Oregon limited liability company, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted May 6, 2015[**]
Pasadena, California

Before: FISHER, BEA, and FRIEDLAND, Circuit Judges.

Plaintiff Daniel Henderson appeals the district court's decision to deny

Henderson's request for a permanent injunction. We have jurisdiction under 28

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We assume the parties are aware of the facts and therefore do not repeat them here.

The district court held the defendants were infringing on Henderson's trademarks, but that any relief was barred by the doctrine of laches. Henderson argued before the district court that it should issue an injunction despite the laches defense because of the danger of "inevitable confusion" to the public caused by the defendants' use of Henderson's marks. *See Tillamook Country Smoker, Inc. v. Tillamook Cnty. Creamery Ass'n*, 465 F.3d 1102, 1111 (9th Cir. 2006). The district court correctly applied our precedent in rejecting that argument. *Id.* ("[Inevitable confusion] will trump laches only when the suit concerns allegations that the product is harmful or otherwise a threat to public safety and well being." (quoting *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 841 (9th Cir. 2002))). The district court did not abuse its discretion in finding that the defendants' use of the mark did not constitute a harmful product or a threat to public safety or well being. *See Midgett v. Tri-Cnty. Metro. Transp. Dist. of Oregon*, 254 F.3d 846, 849 (9th Cir. 2001) (explaining the decision to deny a permanent injunction is reviewed for abuse of discretion).

Henderson argues *Tillamook* was wrongly decided. But as a three-judge panel, we are bound by that decision. *See generally Miller v. Gammie*, 335 F.3d 889 (9th Cir. 2003) (en banc).

**AFFIRMED.**